**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THE UNITED STATES OF AMERICA,

       Plaintiff,                            Case No. 03-CV-80659-DT
                                           Case No. 05-CR-74487-DT

v.

RENALD VINCENT POWELL,

       Defendant.
                                            /

**ORDER DENYING DEFENDANT'S "MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE, PURSUANT TO SECTION 2255 (PRO-SE)"**

Pending before the court is Defendant Renald Vincent Powell's "Motion to Vacate, Set Aside, or Correct Sentence Under U.S.C. § 2255 (Pro-Se)." For the reasons set forth below, the Court will deny Defendant's motion.

**I. BACKGROUND**

On June 28, 2003, Defendant was stopped by a Michigan State Police Trooper for driving at a high rate of speed, and ultimately was arrested for driving without a license. The police trooper searched Defendant's vehicle and confiscated what was later confirmed to be a loaded semi-automatic assault rifle and crack cocaine. On June 30, 2003, the Wayne County Prosecutor charged Defendant with (1) Possession of a Firearm by a Felon; (2) Possession of Less Than 25 Grams of a Controlled Substance; (3) Possession of a Loaded Firearm In or Upon a Vehicle; and (4) Possession of a Firearm During a Felony. On the same day, a state court magistrate judge issued a warrant for Defendant's arrest on the charges. (Gov't's Resp. at Ex. 1, State Court Warrant.)

On July 1, 2003, Defendant was arraigned, a plea of not guilty was entered on his behalf, and he was released on bond. (*Id.* at Ex. 2, State Court Docket Sheet.) On July 8, 2003, Defendant appeared for a pre-exam hearing before Michigan 36th District Court Judge Wade H. McCree. During the hearing, the state court prosecutor advised Defendant that he would face a two year sentence if he pled guilty in state court. (*Id.* at Ex. 3, Pre-exam Hr'g Tr.) Defendant's counsel, Rene Cooper, requested a one day adjournment to calculate the federal guidelines. (*Id.*) The adjournment was granted and the two-year sentence offer remained open. (*Id.*) The next day, on July 9, 2003, when Defendant and his new counsel Jeffrey G. Knoche appeared, the state court prosecutor informed the court that the state was withdrawing its plea offer. (*Id.* at Ex. 4, Continued Pre-exam Hr'g Tr.) The state court instructed Defendant to appear on July 11, 2003 and his bond was continued. (*Id.*)

On July 10, 2003, Defendant was charged in a federal criminal complaint for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and possessing cocaine base in violation of 21 U.S.C. § 844(a). On the same day, a United States Magistrate Judge issued a warrant for Defendant's arrest. In addition, this court issued a warrant for Defendant's arrest because Defendant's offenses on June 28, 2003 violated his federal supervised release, which had been imposed following his December 14, 2000 sentence for bank robbery, in violation of 18 U.S.C. § 2113(a).

On July 11, 2003, Defendant failed to appear in state court for his preliminary examination in state court and a state warrant was issued for his arrest. On August 7, 2003, Defendant was apprehended by federal authorities, and on August 13, 2003 he was indicted on the federal charges. On September 28, 2004, Defendant pled guilty in

federal court under a Rule 11 plea agreement. On January 4, 2005, the court sentenced Defendant to a term of 63 months imprisonment, followed by a three year term of supervised release.

On November 28, 2005, Defendant filed the motion presently before the court. The Government filed its response on March 20, 2006 and Defendant filed a reply brief on March 31, 2006.

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

In his motion for habeas corpus relief, Defendant makes three claims. His first two claims relate to his allegations of ineffective assistance of counsel. (Def.'s Mot. at

4-5.) In his third claim, he contends that he was unlawfully prosecuted because of his race. (*Id.* at 13.)

### A. Ineffective Assistance of Counsel

Defendant's first two claims relate to his allegations of ineffective assistance of counsel. Defendant asserts that he received ineffective assistance of counsel during the state court proceedings because "the state's pre-preliminary examination procedure resulted in a constructive absence of counsel" and "his state attorney misinformed him on the consequences of rejecting the plea offer." (*Id.* at 4-5.)

In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged. *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance"). It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. In the instant case, Defendant's allegations are unsupported by the evidence, and therefore do not meet the standard set forth by the *Strickland* court.

Defendant contends that on July 8, 2003 and July 9, 2003, neither he nor his attorney were aware of Defendant's "potential sentencing exposure under the federal sentencing guidelines." (Def.'s Mot. at 7.) The record indicates, however, that on July 8, 2003, Assistant Wayne County Prosecutor Daryl Carson stated in court that

Defendant faced a federal guideline range of 33 to 41 months, plus a consecutive term of 60 months.  (*See* Gov't's Resp. at Ex. 3, Pre-exam Hr'g Tr.)  Therefore, the record reflects that Defendant did know of his federal sentencing exposure.  As for Defendant's claim that he could have received a sentence of two years imprisonment in a state court plea, the record reflects that APA Carson withdrew the state's plea offer on July 9, 2003 at the continued pre-exam hearing.  Therefore, a two-year plea was not available to Defendant on July 9, 2003 or any point thereafter.  (*See id.* at Ex. 4, Continued Pre-Exam Hr'g Tr.)  In addition, Defendant asserts that on July 9, 2003, his counsel, Rene Cooper, stated that he was eligible for a two-year state plea and advised him to wait until the preliminary examination to decide whether to accept the plea.  (Def.'s Decl. at ¶ 5.) The record, however, indicates that Defendant was represented by Attorney Jeffrey Knoche on July 9, 2003, not Attorney Cooper, and Defendant has not identified any incorrect information provided by Mr. Knoche.  (*See* Gov't's Resp. at Ex. 4, Continued Pre-Exam Hr'g Tr.)  As for Defendant's assertion that "[h]ad [he] known that his decision not to accept the two-year plea offer during the July 9, 2003 pre-exam hearing would subject him to federal prosecution, he would had [sic] accepted the plea," (Def.'s Mot. at 13), again, the record reflects that Defendant entered the exam stage after being advised that there was no plea offer.  (*See* Gov't's Resp. at Ex. 4, Continued Pre-Exam Hr'g Tr.)  Therefore, there was no plea deal for him to accept.  For the above reasons, Defendant has not made a showing that he actually received ineffective assistance of counsel.  *See Ross v. United States*, 339 F.3d 483, 494 (6th Cir. 2003) (holding that

"[a]n allegation entirely unsupported by the record cannot meet the prejudice component of the Strickland inquiry.").[1]

### B. Unlawful Prosecution

Defendant also argues that he was selectively prosecuted due to his race and asks for discovery on his claim. (Def.'s Mot. at 15, 17.) As the *United States v. Armstrong,* 517 U.S. 456 (1996) court has held:

> The requirements for a selective-prosecution claim draw on ordinary equal protection standards. The claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose. To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted.

*Id.* at 465 (citations omitted). Even more specifically, the *United States v. Jones*, 399 F.3d 640 (6th Cir. 2005) court held that in order "to establish discriminatory intent in a case alleging selective prosecution based on race, a claimant must show that the prosecutorial policy was motivated by racial animus; to establish discriminatory effect, the claimant must demonstrate that similarly situated individuals of a different race were not similarly prosecuted." *Id*. at 645. In addition,"[n]o latitude of intention should be indulged in a case like this. There should be certainty to every intent." *Ah Sin v. Wittman*, 198 U.S. 500, 508 (1905); *see also Armstrong*, 517 U.S. at 465. In particular, the *Armstrong* court found that a study offered in support of the plaintiff's claim did not constitute some evidence, because it "failed to identify individuals who were not black

---

[1]Although the court has taken the time to evaluate Defendant's arguments on the merits, the court thinks, in fact, that Defendant's state attorney's conduct is not relevant in a § 2255 case.

and could have been prosecuted for the offenses for which respondents were charged, but were not so prosecuted." *Armstrong*, 517 U.S. at 470.

In support of his request for discovery in the present case, Defendant purports to offer statistics collected by the Federal Defender Office for the Eastern District of Michigan. (*See* Def.'s Mot. at 16.) Defendant asserts that "of the sixty-one (61) known PSN prosecutions pending at the time the selective prosecution challenge was raised in the *Thorpe* case [*United States v. Thorpe*, E.D. Mich., No. 03-80329], African-Americans comprised fifty-four (54) of those cases [89% of their known cases], two (2) of those cases were against Native Americans [another 3%], and three (3) were against Hispanic/Latino-Americans [another 5%]." (*Id.*) As in *Armstrong*, these statistics do not constitute "some evidence" because the statistics "fail to identify individuals who were not black and could have been prosecuted." *Armstrong*, 517 U.S. at 470. In a recent decision, another judge of this court reached the very same conclusion in a lengthy and thoughtful examination. *See United States v. Wallace*, 389 F. Supp. 2d 799, 803 (E.D. Mich. 2005) (finding insufficient evidence of selective prosecution because the study did not identify blacks that could have been but were not referred for federal prosecution). Accordingly, the court will deny Defendant's motion in its entirety.

## IV. CONCLUSION

It is ordered that Defendant's "Motion to Vacate, Set Aside, or Correct Sentence Under U.S.C. §2255" [Dkt. # 35] is DENIED.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 9, 2006, by electronic and/or ordinary mail.

          S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\03-80659.05-74487.POWELL.Denying2255.wpd

8