**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THE UNITED STATES OF AMERICA,

      Plaintiff,                                 Case No. 03-CV-80659-DT
                                                     Case No. 05-CR-74487-DT

v.

RENALD VINCENT POWELL,

      Defendant.

                                              /

**ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On June 9, 2006, the court issued an order denying Defendant Renald Vincent Powell's "Motion to Vacate, Set Aside, or Correct Sentence Under U.S.C. § 2255 (Pro-Se)." Defendant has appealed that order, and the Sixth Circuit has informed him that it would not review his appeal until this court determines whether to issue a certificate of appealability. (*See* 8/03/06 Letter.) For the reasons set forth below, the court will decline to issue a certificate of appealability.

**I. BACKGROUND**[1]

On June 28, 2003, Defendant was stopped by a Michigan State Police Trooper for driving at a high rate of speed, and ultimately was arrested for driving without a license. The police trooper searched Defendant's vehicle and confiscated what was later confirmed to be a loaded semi-automatic assault rifle and crack cocaine. On June 30, 2003, the Wayne County Prosecutor charged Defendant with (1) Possession of a Firearm by a Felon; (2) Possession of Less Than 25 Grams of a Controlled Substance;

---

[1]The facts set forth in the court's background section are reproduced from the court's June 9, 2006 order. (6/9/06 Order at 1-3.)

(3) Possession of a Loaded Firearm In or Upon a Vehicle; and (4) Possession of a Firearm During a Felony. On the same day, a state court magistrate judge issued a warrant for Defendant's arrest on the charges. (Gov't's Resp. at Ex. 1, State Court Warrant.)

On July 1, 2003, Defendant was arraigned, a plea of not guilty was entered on his behalf, and he was released on bond. (*Id.* at Ex. 2, State Court Docket Sheet.) On July 8, 2003, Defendant appeared for a pre-exam hearing before Michigan 36th District Court Judge Wade H. McCree. During the hearing, the state court prosecutor advised Defendant that he would face a two year sentence if he pled guilty in state court. (*Id.* at Ex. 3, Pre-exam Hr'g Tr.) Defendant's counsel, Rene Cooper, requested a one day adjournment to calculate the federal guidelines. (*Id.*) The adjournment was granted and the two-year sentence offer remained open. (*Id.*) The next day, on July 9, 2003, when Defendant and his new counsel Jeffrey G. Knoche appeared, the state court prosecutor informed the court that the state was withdrawing its plea offer. (*Id.* at Ex. 4, Continued Pre-exam Hr'g Tr.) The state court instructed Defendant to appear on July 11, 2003 and his bond was continued. (*Id.*)

On July 10, 2003, Defendant was charged in a federal criminal complaint for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and possessing cocaine base in violation of 21 U.S.C. § 844(a). On the same day, a United States Magistrate Judge issued a warrant for Defendant's arrest. In addition, this court issued a warrant for Defendant's arrest because Defendant's offenses on June 28, 2003 violated his federal supervised release, which had been imposed following his December 14, 2000 sentence for bank robbery, in violation of 18 U.S.C. § 2113(a).

On July 11, 2003, Defendant failed to appear in state court for his preliminary examination in state court and a state warrant was issued for his arrest. On August 7, 2003, Defendant was apprehended by federal authorities, and on August 13, 2003 he was indicted on the federal charges. On September 28, 2004, Defendant pled guilty in federal court under a Rule 11 plea agreement. On January 4, 2005, the court sentenced Defendant to a term of 63 months imprisonment, followed by a three year term of supervised release.

On November 28, 2005, Defendant filed a "Motion to Vacate, Set Aside, or Correct Sentence Under U.S.C. § 2255," which the court denied on June 9, 2006.

## II.  STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). This court, having rendered the challenged judgment in the case at bar, is guided by 28 U.S.C. § 2253(c)(2), which directs the reviewing judge to determine if "the applicant has made a substantial showing of the denial of a constitutional right." To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

## III.  DISCUSSION

In his motion for habeas corpus relief, Defendant made three claims. His first two claims related to his allegations of ineffective assistance of counsel. (Def.'s Mot. at 4-5.) In his third claim, he contended that he was unlawfully prosecuted because of his race. (*Id.* at 13.)

### A. Ineffective Assistance of Counsel

Defendant's first two claims related to his allegations of ineffective assistance of counsel. Defendant asserted that he received ineffective assistance of counsel during the state court proceedings because (1) "the state's pre-preliminary examination procedure resulted in a constructive absence of counsel" and (2) "his state attorney misinformed him on the consequences of rejecting the plea offer." (*Id.* at 4-5.)

As explained in the court's June 9, 2006 order, in order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged. *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance"). It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

Although the court noted that Defendant's state attorney's conduct is most likely not relevant in a § 2255 case, (6/09/06 Order at 6 n.1), the court nonetheless reviewed Defendant's claim and found that Defendant's allegations were unsupported by the

4

evidence, and therefore did not meet the standard set forth by the *Strickland* court. (*Id.* at 4.) Specifically, Defendant contended that on July 8, 2003 and July 9, 2003, neither he nor his attorney were aware of Defendant's potential sentencing exposure under the federal sentencing guidelines; that he could have received a sentence of two years imprisonment in a state court plea; that on July 9, 2003, his counsel, Rene Cooper, stated that he was eligible for a two-year state plea and advised him to wait until the preliminary examination to decide whether to accept the plea offer; and that he would have accepted the plea offer had he known that his decision to reject the offer would subject him to federal prosecution. (*Id.* at 4-5). The court found these allegations were contradicted by the record and that Defendant had therefore not made a showing that he actually received ineffective assistance of counsel. (*Id.* at 5-6, (citing *Ross v. United States*, 339 F.3d 483, 494 (6th Cir. 2003) ("An allegation entirely unsupported by the record cannot meet the prejudice component of the Strickland inquiry.")). Inasmuch as the record clearly contradicts Defendant's factual assertions, and, additionally, because it is unlikely that Defendant's state attorney's actions are relevant in a § 2255 proceeding, the court finds that reasonable jurists would not disagree with the court's determination on Defendant's ineffective assistance of counsel claims. Accordingly, the court will not issue a certificate of appealability on this claim.

### B. Unlawful Prosecution

In Defendant's second claim, he argued that he was selectively prosecuted due to his race. (Def.'s Mot. at 15, 17.) The court cited *United States v. Armstrong,* 517 U.S. 456, 465 (1996) for the proposition that:

> The requirements for a selective-prosecution claim draw on ordinary equal protection standards. The claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose. To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted.

(6/09/06 Order at 6.) The court also cited *United States v. Jones*, 399 F.3d 640, 645 (6th Cir. 2005), where the Sixth Circuit held that in order "to establish discriminatory intent in a case alleging selective prosecution based on race, a claimant must show that the prosecutorial policy was motivated by racial animus; to establish discriminatory effect, the claimant must demonstrate that similarly situated individuals of a different race were not similarly prosecuted." (6/09/06 Order at 6.)

In support of his claim, Defendant offered statistics collected by the Federal Defender Office for the Eastern District of Michigan. (*See* Def.'s Mot. at 16.) Defendant asserted that "of the sixty-one (61) known PSN prosecutions pending at the time the selective prosecution challenge was raised in the *Thorpe* case [*United States v. Thorpe*, E.D. Mich., No. 03-80329], African-Americans comprised fifty-four (54) of those cases [89% of their known cases], two (2) of those cases were against Native Americans [another 3%], and three (3) were against Hispanic/Latino-Americans [another 5%]." (*Id.*) The court disagreed because, as in *Armstrong*, these statistics "fail[ed] to identify individuals who were not black and could have been prosecuted." (6/09/06 Order at 7, citing *Armstrong*, 517 U.S. at 470.) The court finds that reasonable jurists would not

disagree with the court's decision to deny habeas relief based on this claim,[2] and the court will therefore decline to issue a certificate of appealability on this issue.

### IV. CONCLUSION

IT IS ORDERED that the court DECLINES to issue a certificate of appealability in this case.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 5, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 5, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

---

[2] Indeed, as the court noted in its June 9, 2006 order, another judge in this district, reached the very same conclusion in a lengthy and thoughtful examination. *See United States v. Wallace*, 389 F. Supp. 2d 799, 803 (E.D. Mich. 2005) (finding insufficient evidence of selective prosecution because the study did not identify blacks that could have been but were not referred for federal prosecution).